# AUGUSTA LAABS AND ANOTHER v. FARMERS STATE BANK OF LE SUEUR.[1]

April 13, 1928.

No. 26,540.

**Notes in suit were not signed for accommodation of defendant bank and plaintiffs had sufficient consideration.**
1. Upon the record presented, it is *held* that the notes here in question were signed by the plaintiffs as accommodation makers for one Julius Riebe, and not as accommodation makers for the defendant bank, and that there was valid and sufficient consideration for the notes as to these plaintiffs.

**Cashier of defendant bank made no misrepresentation in the transaction.**
2. The findings of the court, that there was no fraud or misrepresentation by the cashier of the bank in the transaction, are sustained by the evidence.

Bills and Notes, 8 C. J. p. 256 n. 99; p. 1052 n. 50.
Mortgages, 41 C. J. p. 447 n. 46.

Plaintiffs appealed from a judgment of dismissal of the district court for Le Sueur county, Tifft, J. and from an order denying their motion for a new trial. Affirmed.

*W. H. Leeman* and *Moonan & Moonan,* for appellants.
*Cadwell & Frank,* for respondent.

OLSEN, C.

The plaintiffs brought this action to rescind and cancel certain notes and a real estate mortgage given by them to this defendant. The complaint alleges, as grounds for cancelation of these instruments, that they were given without consideration as to plaintiffs, and that they were obtained by fraud and misrepresentations on the part of the defendant. The court found against the plaintiffs on both grounds, and judgment was entered dismissing the action on the merits. A motion for a new trial was denied, and plaintiffs

[1]Reported in 219 N. W. 93.

appeal from the judgment and from the order denying the motion for a new trial. No errors occurring at the trial are specified or argued, and the assignments of error present the one question of the sufficiency of the evidence to sustain the findings and judgment.

1. It is clear that three original notes were given by plaintiffs as comakers with Julius Riebe and wife, and for the accommodation of Julius Riebe; that Julius Riebe received full consideration therefor, and that plaintiffs were accommodation makers thereof; that, when the original notes became due, the plaintiffs gave a new note in renewal of the original notes, for their obligation as accommodation makers of the original notes, and gave the mortgage as security. A finding that plaintiffs signed the notes as accommodation makers for the bank and therefore the notes were without consideration as to these plaintiffs would be without support in the evidence here.

2. Does the evidence sustain the findings of the court that there was no fraud or misrepresentation by the defendant?

An extended statement of the facts is not necessary. One Julius Riebe and his wife were indebted to the defendant bank on a past due note, secured by a second mortgage upon a farm owned by them in Renville county. They had sold the farm on terms requiring them to have the bank's mortgage and certain other liens thereon released before the sale could be closed. They needed the money to obtain satisfactions and releases of these encumbrances. They applied to the bank to obtain the money for that purpose, and the bank agreed to release its mortgage and loan the necessary money if the Riebes secured satisfactory signers on notes to be given for the amount necessary to take up the bank's mortgage and pay the other liens. The Riebes obtained these plaintiffs, who are relatives of Mrs. Riebe, as signers for the notes, and the bank accepted them as signers thereon. It was also agreed, as part of the same transaction, that the Riebes were to assign to the bank a note and second mortgage on their land, to be given to them by the purchaser thereof, to be held by the bank as collateral security and as security for the plaintiffs for their liability on the notes to the bank, and this was done. It was also agreed that the Riebes were to cause

to be conveyed direct to the plaintiffs a house and lot, to which their son held title, to be held by plaintiffs as further security, and this was done. The bank then released its mortgage and loaned the money required. The notes to the bank were not paid at maturity, and plaintiffs then gave to the bank their own note, secured by a mortgage given by plaintiff Augusta Laabs upon a tract of land owned by her, for the amount of the indebtedness to the bank upon the notes theretofore signed or guaranteed by them. The action is brought to cancel the notes given to the bank and the mortgage given by Augusta Laabs.

Plaintiffs claim that defendant's cashier, Mr. Striker, who acted for the bank in the matter, made false and fraudulent representations to them which induced them to sign the notes; that he represented to them that the Renville county land was clear of encumbrances except the first mortgage of $8,000; that the collateral note and mortgage were good as gold and ample in value to secure them against any loss, and sufficient to pay the indebtedness; that they were safe in signing the notes and would never be called upon to pay anything; that the bank would continue to hold the collateral note and mortgage as security for plaintiffs; and that the land was of sufficient value so that, if the first mortgage was foreclosed, redemption could be safely made.

Mr. Striker, in his testimony, denies that he made these representations or any misrepresentations in the matter. His testimony is corroborated by the testimony of Mr. Lauerman, who was the attorney for the Riebes in the matter, and is corroborated substantially by the testimony of the attorney who acted for the plaintiffs in the transaction. When defendant's mortgage on the Riebe land and the other liens provided for by the loan were released, the collateral mortgage held by the bank became and was a second mortgage thereon, subject only to the first mortgage of $8,000. The land had sufficient value to make the second mortgage fair security for the notes to the bank. The notes signed and guaranteed by plaintiffs, except the last note given by them alone to take up the prior notes, were given June 1 and August 8, 1923, and the collateral mortgage was given as of date March 1, 1923,

and assigned to the bank August 8, 1923. The trouble came because, on February 1, 1924, a ditch lien for $4,075 was filed against the Riebe land. Mr. Striker testified that he did not know of any encumbrances on the land ahead of the collateral mortgage; that he knew nothing about any ditch lien until this suit was brought, and had never seen the land. Nothing was said about any ditch lien at the time of the transaction. His testimony is not seriously discredited. Plaintiffs had the advice and assistance of their own attorney (not one of the attorneys now representing them) at all stages of the transaction. Taking the evidence as a whole, the reasonable conclusion is that, if any misrepresentations were made, they were made by the Riebes and not by Mr. Striker.

The findings of the court are well sustained by the evidence, and the order and judgment appealed from are affirmed.